**ESTHER SADOWSKY TESTAMENTARY TRUST, Derivatively on Behalf of Federal Home Loan Mortgage Corp., Plaintiffs,**

v.

**Richard R. SYRON, et al., Defendants.**

No. 08 Cv. 5221(BSJ).

United States District Court, S.D. New York.

May 6, 2009.

348

Jules Brody, Patrick Slyne, Stull Stull & Brody, New York, NY, David Corey Katz, Ilya Nuzov, Joseph Harry Weiss, Weiss & Lurie, New York, NY, for Plaintiff.

Randall W. Bodner, Christopher G. Green, Ropes & Gray LLP, Boston, MA, Russell Lawrence Lippmann, Ropes & Gray LLP, New York, NY, David Owen, Cahill Gordon & Reindel LLP, New York, NY, for Defendants.

Daniel Patrick Chiplock, Lieff Cabraser Heimann & Bernstein, LLP, New York, NY, Jonathan Watson Cuneo, Cuneo Gilbert & LaDuca, LLP, Washington, DC, for R.S. Bassman.

Howard Cayne, H. Peter Haveles, Jr., Kent A. Yalowitz, Arnold & Porter, LLP, New York, NY, for Federal Housing Finance Agency.

## MEMORANDUM ORDER

BARBARA S. JONES, District Judge.

Before the Court are objections to Magistrate Judge Francis's January 8, 2008

Report & Recommendation (the "Report"), submitted by the Esther Sadowsky Testamentary Trust (the "Trust"). After considering the objections, the Court ADOPTS and AFFIRMS the Report, GRANTING the motion of the Federal Housing Finance Agency (the "FHFA") seeking an order substituting the FHFA as plaintiff in place of the Trust and a stay of the proceedings for forty-five (45) days.

## RELEVANT BACKGROUND[1]

This is a derivative action brought by the Trust, a shareholder of the Federal Home Loan Mortgage Corporation ("Freddie Mac"), against several former Freddie Mac directors and officers. The FHFA, as conservator of Freddie Mac, brings the instant motion seeking (1) an order substituting itself as plaintiff in place of the Trust and (2) a stay of the proceedings.

On July 30, 2008, Congress passed the Housing and Economic Recovery Act of 2008 ("HERA"), Pub.L. No. 110–289, 122 Stat. 2654 (codified at 12 U.S.C. § 4617). On September 6, 2008, pursuant to HERA's express authorization, FHFA Director James Lockhart appointed the FHFA as conservator for Freddie Mac. *See* 12 U.S.C. § 4617(a); Statement of FHFA Director James B. Lockhart at 5–6 (Sept. 7, 2008), *available at* http://www.fhfa.gov/webfiles/23/FHFAStatement9708 final.pdf. As its conservator, the FHFA inherited "all rights, titles, powers, and privileges" previously possessed by Freddie Mac and by its stockholders, officers, and directors. 12 U.S.C. § 4617(b)(2) (A)-(c). The FHFA has broad discretion to take any action "necessary to put [Freddie Mac] in a sound and solvent condition" and "appropriate to carry on the business of [Freddie Mac] and preserve and conserve the assets and property of [Freddie Mac]." 12 U.S.C. § 4617(b)(2)(D). Courts are prohibited from taking "any action to restrain or affect the exercise of powers or functions" of the FHFA as conservator. 12 U.S.C. § 4617(f).

On November 13, 2008, the FHFA moved for an order substituting itself as the plaintiff in this action in place of the Trust. The FHFA also seeks a ninety (90) day stay of the proceedings.[2]

## STANDARD OF REVIEW

After objections have been lodged against a Magistrate Judge's Report and Recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Fed.R.Civ.P.* 72(b)(3)

## DISCUSSION

### *Objections to the Recommendation that FHFA be Substituted for Plaintiff*

The Trust submits the following objections to the Report: (1) The Trust has a continuing ownership interest in Freddie Mac and therefore has standing to bring this suit; (2) Maintenance of the suit would not violate the Anti–Injunction Clause of HERA; and (3) Substitution of the FHFA would produce an absurd or impracticable result.

### (1) First Objection

Plaintiff objects to the Magistrate Judge's Report on the grounds that Plaintiff has a continuing ownership interest in

---

1. The Court presumes familiarity with the Report, which sets forth additional background information.

2. On February 26 and March 5, 2009, R.S. Bassman and the Louisiana Municipal Police Employees Retirement System, respectively, moved to intervene or, in the alternative to appear as amicus curiae. In an order issued earlier today, the Court denied those motions.

Freddie Mac and therefore has standing to bring this suit. (Obj'n at 8.)

■ The Court finds that under the plain language of HERA, "all rights, titles, powers, and privileges" of Freddie Mac's shareholders are now vested in the FHFA. 12 U.S.C. § 4617(b)(2)(A). These include the right to bring an action on Freddie Mac's behalf The FHFA is therefore the true party at interest in this case and should be substituted for the Trust. *See, e.g., Federal Deposit Insurance Corp. v. Wrapwell Corp.*, 922 F.Supp. 913, 917 (S.D.N.Y.1996) (ordering substitution when bank receiver succeeded to "all rights, titles, powers, and privileges" and receiver was true party in interest in action to recover promissory notes owed to failed bank).

The Court finds persuasive the Report's analogy to the statutory language and interpretation of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d)(2); 12 U.S.C. § 1787(b)(2). In particular, the Court agrees that it should be guided by the Ninth Circuit's ruling in *Pareto v. Federal Deposit Insurance Corp.*, 139 F.3d 696 (9th Cir.1998), which held that statutory language vesting "all rights, titles, powers, and privileges" of previous shareholders, directors, and officers in the FDIC, included "a stockholder's right, power, or privilege to demand corporate action or to sue directors or others when action is not forthcoming," and that therefore only the FDIC could "decide to bring an action against the directors for their wrongdoing."

The statutory language in HERA dictates the same result here. The Trust's argument concerning *Delta Savings Bank v. United States*, 265 F.3d 1017 (9th Cir. 2001), where the FDIC was denied substitution for shareholders in a derivative suit due to its conflicts of interest, is unconvincing. In that case, substitution would have resulted in the FDIC stepping into a case against a government agency with which it had close ties. The Trust has pointed to no such conflict of interest here, where the derivative suit is filed against former officers and directors for breaching their fiduciary duties and misrepresenting information.

Similarly unconvincing is the Trust's argument that the FHFA's powers as conservator, as opposed to receiver, are inadequate to gain full recovery. This distinction is not drawn by HERA, and the Court finds no justification in the caselaw for drawing it here. HERA grants all rights and powers of to the FHFA, whatever economic interest the Trust retains does not entitle it to overcome or supplement the FHFA's rightful standing here.

The Court finds that the plain language of HERA requires the substitution of the FHFA for the Trust.

**(2) Second Objection**

■ Plaintiff also objects that its suit would not violate the Anti–Injunction Clause of HERA. (Obj'n 8.) The Court agrees with Magistrate Judge Francis that Section 4617(f) of HERA, which states that "no court may take any action to restrain or affect the exercise of powers of functions of the FHFA as a Conservator," constrains the Court in this situation, since maintenance of this suit with the shareholders acting as Plaintiffs would be inconsistent with the Conservator's exercise of its statutory powers.

A similar anti-injunction clause in the FIRREA, 12 U.S.C. § 1821(j) has been found by several courts to constitute "a sweeping ouster of courts' power to grant equitable remedies." *Courtney v. Halleran*, 485 F.3d 942, 948 (7th Cir.2007) (quot-

ing *Freeman v. Federal Deposit Insurance Corp.*, 56 F.3d 1394, 1399 (D.C.Cir.1995)).

This ban is an essential part of HERA's comprehensive scheme for conservatorships and receiverships. Here, the suit brought by the Trust would interfere with and potentially usurp precisely the powers granted to the FHFA by HERA. As such, maintenance of this suit would violate Section 4617(f) of HERA and cannot be permitted.

### (3) Third Objection

Plaintiff objects that the FHFA's substitution in this case would produce an "absurd and impracticable result." (Obj'n at 13.) The Trust offers several examples of how this result might come about, none of which is convincing.

■ (a) The Trust objects that the FHFA cannot act as a fiduciary to the shareholders and is therefore an inappropriate substitute in this derivative suit. (Obj'n at 15.) To support its conclusion, the Trust references the FHFA's public statements and notes that in none of these statements does the FHFA acknowledge "any duty or intention to protect the interests of Freddie Mac's shareholders." (Obj'n at 15.) However, the Court does not find this absence telling. Congress has clearly announced that the FHFA has inherited all rights and powers of the Freddie Mac shareholders. Included in that inheritance is the right to substitute for shareholders in suits such as this one. In HERA, Congress did not intend that acts lying fully within the FHFA's discretion as Conservator of Freddie Mac would violate some residual fiduciary duty owed to the shareholders. The shareholders' rights are now the FHFA's. There is, therefore, no conflict or fiduciary breach in its substitution into this case.

(b) The Trust objects that because Freddie Mac may emerge from Conserva-

torship at some future date, the FHFA would, upon that occurrence, lack standing to bring this suit. (Obj'n at 16.) This objection is purely speculative. At all times since it moved for substitution, the FHFA has acted as Freddie Mac's conservator under the clear mandate of HERA. Pursuant to that statute, the FHFA succeeds to all rights and powers of Freddie Mac's shareholders, including the right to take the place of the Trust in this action. No speculation as to Freddie Mac's future status is relevant in light of the FHFA's clear standing today.

■ (c) The Trust objects that the FHFA would be conflicted in maintaining this litigation, since certain defenses may refer to the Office of Federal Housing Enterprise Oversight ("OFHEO"), which previously acted as a regulator of Freddie Mac, and to which the FHFA supposedly has ties. (Obj'n at 16.) As discussed above, the oversight role played by the OFHEO does not create the type of conflict discussed in *Delta Savings,* where the FDIC sought to step into a claim against a United States government agency with which it had close ties. Here, as the Magistrate Judge pointed out, "the derivative suit is against former officers and directors for breaching their fiduciary duties and misrepresenting information; there are no claims against any governmental agency." (Report at 7.) There is, therefore, no apparent conflict in the FHFA's substitution.

■ (d) The Trust objects that substitution of FHFA would be absurd or impracticable because the FHFA may not intend to pursue the current action. (Obj'n at 19.) Again, this objection is speculative. Moreover, nothing in the language or history of HERA indicates that its grant of shareholder rights and powers to the FHFA is contingent upon maintenance of

suits such as this one. The statute clearly envisions a degree of discretion, and the FHFA's intentions in this regard do not affect its standing, or the Trust's lack thereof.

■ (e) The Trust also objects that the FHFA may be barred from attaining certain recovery and is therefore unsuitable to act as a plaintiff here. (Obj'n at 19.) This challenge again does not overcome HERA's clear granting of shareholders' rights and powers to the FHFA, nor has the Trust substantiated the argument in any convincing fashion.

The Court therefore finds that substitution of the FHFA for the Trust in this case is the clear dictate of HERA and produces no conflicted or impracticable situation.

The FHFA's motion for an order substituting itself as plaintiff in place of the Trust is therefore GRANTED.

### Recommendation that the Action be Stayed

12 U.S.C. § 4617(b)(10)(A)(i) states that a conservator who becomes a party to any judicial action or proceeding may request a stay for a period not to exceed forty-five (45) days. The Court here ORDERS a forty-five (45) day stay to this action.

## CONCLUSION

The Court finds Plaintiff's objections to the Report unpersuasive. The Court adopts the Report, having considered the objections to it, and ORDERS that the FHFA be substituted as plaintiff in place of the Trust, and ORDERS a forty five (45) day stay of the proceedings.

**SO ORDERED.**